## UNITED STATES v. THE GEO. E. WILTON.

*(District Court, N. D. Washington. July, 1890.)*

CHINESE RESTRICTION ACT—FORFEITURE—MASTER OF VESSEL.
    A vessel stolen from its owner, and used, while out of his control, without his knowledge or consent, in bringing Chinese laborers into the United States in violation of the law, does not for that cause become liable to seizure and forfeiture. To work a forfeiture of a vessel under the Chinese restriction act, the master must knowingly violate the statute. A person in control of a stolen vessel is not master of the vessel in the sense in which the term is applied to an officer in the statutes of the United States.

*(Syllabus by the Court.)*

In Admiralty.

This is a case of seizure of a vessel captured while engaged in bringing Chinese laborers into the United States contrary to law, and a forfeiture is claimed on the ground that the person who had actual possession and command of the vessel was guilty of knowingly violating the statutes of the United States which prohibit such immigration.

*P. H. Winston,* U. S. Atty., and *P. C. Sullivan,* Asst. U. S. Atty., for libelant.

*C. D. Emery,* for claimant.

HANFORD, J., (*orally.*) The evidence clearly establishes that Mr. Bertram is the owner of the vessel; that the six Chinese laborers who were brought into the United States were so brought by a person unauthorized by him, who at the time had the possession of the vessel without his knowledge or consent, having in fact stolen it from him. And on this state of facts the question is whether the vessel is to be forfeited to the United States. The statute that has been cited to me contains no provision whatever for the forfeiture of a vessel. However, there is a statute found on page 504 of this same volume (25 St. U. S.) which prohibits absolutely the bringing of Chinese laborers into the United States, and provides that the duties, liabilities, penalties, and forfeitures imposed and the powers conferred by the second, tenth, eleventh, and twelfth sections of the act to which this is a supplement are extended to and made applicable to this act. This refers back to sections 2, 10, 11, and 12 of what is known as the "Chinese Restriction Act of 1882." That act, as amended in 1884, contains a provision for the forfeiture of a vessel as follows:

"Sec. 10. That every vessel whose master shall knowingly violate any of the provisions of this act shall be deemed forfeited to the United States, and shall be liable to seizure and condemnation in any district of the United States in which said vessel may enter, or in which she may be found." 23 St. U. S. 117.

It is under this provision of the statute, if at all, that the vessel is to be declared forfeited. Now this forfeiture takes place only when the master of the vessel knowingly violates the law by bringing Chinese

into the United States, and landing or attempting to land them; but in this case the only persons whom it is claimed were guilty of any attempt to violate the law are persons who were trespassers and wrong-doers against the owner of the vessel. They were not put in charge of the vessel by him in the capacity of master. The vessel had no master. It cannot be claimed that a thief in possession of a vessel is the master of it. He may be in full physical, manual possession and control of it, and have power over it, until the law gets hold of him and deprives him of that power, but he is not the master of the vessel in the sense in which that title is applied to,an officer of a vessel in the statutes of the United States. This case does not come within the letter or spirit of any law of the United States under which a forfeiture can be claimed, and I think, as counsel has contended here, that if congress had made a law that would apply to this case it would be unconstitutional as depriving a person of his property without compensation, and in a case in which no punishment or penalty could be rightfully inflicted upon him, he having violated no law. The decree will be in favor of the claimants. Counsel may prepare findings and a decree. The court will find the allegations of the libel to be true as far as they allege the bringing and attempting to land in the United States of Chinese persons, and all the affirmative allegations of the answer to be true.